Peter RANSOM, Plaintiff,

v.

Steven J. DAVIES, et al., Defendants.

No. 90-3278-DES.

United States District Court,
D. Kansas.

March 30, 1993.

Peter H. Ransom, pro se.

Terry D. Hamblin, Office of the Atty. Gen.,
Topeka, KS, for defendants.

## ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' motion for summary judgment. (Doc. 10.) Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. When plaintiff initiated this action, he was incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff alleges constitutional violations resulted in a prison disciplinary action based on plaintiff's positive urinalysis test result. Having reviewed the record, the court makes the following findings and order.[1]

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The record in the present case demonstrates no material fact is in dispute. On February 13, 1990, plaintiff was required to submit to urinalysis testing. Plaintiff's urine sample was tested using ONTRAK, an immunoassay test. The sample produced a positive result and an incident report citing plaintiff with use of stimulants, K.A.R. 44-12-312, was prepared. Plaintiff attempted to obtain a second test, and he offered to pay for the additional testing.

1. There are several motions pending before the court, filed by both plaintiff and defendants, regarding discovery. Given the findings and order entered herein, the court finds it unnecessary to decide such motions.

Plaintiff's efforts to obtain a second urinalysis were unsuccessful. On March 8, 1990, plaintiff was found to have committed the disciplinary offense. The sanction imposed included a fine of $10.00, an order to pay $3.02 in restitution for the cost of the test, and a thirty day restriction of privileges, suspended for six months. No good time was forfeited and plaintiff was not placed in disciplinary segregation. The disciplinary action was approved on administrative appeal. Plaintiff's custody level, which was automatically changed from minimum to medium when the incident report was issued, was changed back to minimum custody at his program review in August 1990. On February 23, 1990, ten days after plaintiff's testing, Secretary Davies changed the urinalysis testing program to require a second test whenever the first test produced a positive result.

Plaintiff claims the urinalysis testing used on February 13, 1990, violated his right to due process because the testing should have provided for a second test to confirm the positive result. Plaintiff also claims the ONTRAK testing procedure itself requires a second test to confirm a positive test result. Plaintiff seeks damages and permanent injunctive relief, presumably to stop all disciplinary actions based on a single positive urinalysis test result.

■ The court finds plaintiff's request for injunctive relief has been addressed by the change in the testing policy implemented shortly after plaintiff's testing. The new procedure calls for a confirmatory second test on positive test results. There is no claim or argument presented regarding the constitutionality of the urinalysis testing under the newer policy. The issue that remains, therefore, is whether plaintiff is entitled to damages on his claim that the disciplinary action against him, based on the single positive test result, violated due process.

Due process requires that "some evidence" support a prison disciplinary decision. *See Superintendent, Mass. Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). On judicial review, the court is not to reweigh the evidence. Instead, "the relevant question is whether there is any evidence in the record

that could support the conclusion reached by the disciplinary board." *Id.* at 455–56, 105 S.Ct. at 2774. In the present case, plaintiff argues the single and unconfirmed positive test was not reliable enough to satisfy this constitutional standard.

Whether such a test result provided "some" evidence was not clearly established prior to plaintiff's testing in February 1990. Most courts examining the issue prior to 1990 recognized that disciplinary action based on urinalysis immunoassay testing, with a confirmatory second test result, did not violate due process. *See e.g., Spence v. Farrier,* 807 F.2d 753 (8th Cir.1986) (multiple immunoassay test, with confirmatory second test, contains sufficient indicia of reliability to provide some evidence of drug use). It was also held, however, that an unconfirmed test result does not violate due process if the test is sufficiently reliable. *See e.g., Jensen v. Lick,* 589 F.Supp. 35 (D.N.D.1984) (although second test could be used for confirmation, reliability of single immunoassay urinalysis test result was adequate support for prison administrative punishment). Even if plaintiff were to persuade the court that he was denied due process in the present case, the unresolved factual question at that time of whether the ONTRAK single test result was sufficiently reliable to satisfy due process is fatal to plaintiff's claim for damages.

■ Plaintiff proceeds against the governor of Kansas and against the Secretary of Corrections for the State of Kansas. Plaintiff's claims for damages against these defendants in their official capacity are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). There is no eleventh amendment immunity for claims against state officials acting in their individual capacity, because any victory would be against the state as the employer. *Id.* at 165–66, 105 S.Ct. at 3105; *Meade v. Grubbs,* 841 F.2d 1512, 1526 n. 16 (10th Cir.1988). State officials acting in their individual capacity, however, are entitled to qualified immunity against such claims if no violation of a clearly established right can be demonstrated. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (gov-

ernment officials performing discretionary functions are entitled to qualified immunity from suit insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known"); *Frohmader v. Wayne,* 958 F.2d 1024 (10th Cir.1992) (burden on plaintiff to come forward with facts or allegations to show violation of clearly established right). Practically speaking, even if plaintiff's rights in fact have been violated, defendants are entitled to qualified immunity if officials of reasonable competence could disagree as to whether their conduct violated a clearly established federal right of plaintiff. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Salmon v. Schwarz,* 948 F.2d 1131, 1141 (10th Cir.1991).

■ Additionally, immunity questions are to be resolved at the earliest possible stage of proceedings, *Hunter v. Bryant,* — U.S. —, —, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991), as immunity is from liability as well as from suit, *Mitchell v. Forsyth,* 472 U.S. 511, 525–26, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). If plaintiff fails his burden, defendant public officials are to be spared the expense and burden of further proceedings. *Dixon v. Richer,* 922 F.2d 1456, 1460 (10th Cir.) *reh'g denied* (1991).

■ In the present case, plaintiff cannot demonstrate that at the time of his disciplinary action it was clearly established that he had a right to a second urinalysis testing as part of his defense in the disciplinary action, nor that it was clearly established that the ONTRAK testing required a confirming test result before a urinalysis test result was sufficiently reliable to be used in a prison disciplinary action. Because plaintiff fails to show defendants violated any clearly established right, defendants are entitled to qualified immunity against plaintiff's claim for

damages. *See Rucker v. Johnson,* 724 F.Supp. 568 (N.D.Ill.1989) (defendants ensured of qualified immunity where existing legal precedent did not clearly establish reliability of immunoassay urinalysis testing).

Finding plaintiff's claim for injunctive relief is moot, and plaintiff's claim damages is defeated by eleventh amendment and qualified immunity, the court concludes defendants are entitled to summary judgment.[2]

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.

2. In a responsive pleading, plaintiff submitted a copy of an order of settlement and compromise which he represents was entered on July 10, 1990, in a state court action he filed in Leavenworth County, Kansas, against Raymond Roberts, Director of LCF. The state court action clearly concerns the urinalysis testing procedure, as the settlement order provides for second testing of positive urinalysis results prior to any disciplinary action, and for how the second testing is to be conducted. The settlement order further provides "That any and all other claims and/or requests for relief raised by the plaintiff herein are hereby dismissed with prejudice." The court, therefore, questions whether any relief in the present action would also be barred by the doctrines of res judicata or claim preclusion.